## UNITED STATES RADIATOR CORPORATION et al. v. DOODY et al.

### No. 7833.

District Court, E. D. Pennsylvania.
Sept. 12, 1933.

E. P. Acton and Wm. S. Furst, both of Philadelphia, Pa., for the motion.

J. H. Marvis and Francis J. Walsh, both of Philadelphia, Pa., opposed.

DICKINSON, District Judge.

█ This motion is based upon the double ground of want of equitable jurisdiction and the lack of jurisdiction in this court to entertain the bill. The first ground is very plausibly presented. The motive and purpose of the bill is merely to obtain a moratorium. Whatever might be urged to show that a moratorium purpose does not confer jurisdiction in equity, the question is no longer an open one. The well-known Pusey & Jones Case, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763, supplies us with the true doctrine. Want of jurisdiction because of the absence of equitable grounds of relief raises a jurisdictional question. Jurisdiction, however, has several aspects. The lack of jurisdiction of some kinds may be waived. Want of jurisdiction of other kinds cannot be waived. There is for illustration a jurisdiction of the person. This may be waived by defendant by his submission to the jurisdiction. There is also a lack of jurisdiction because no cause of action cognizable in equity is presented by a bill. This goes to the distinction between proceedings in equity and at law. This kind of jurisdiction may likewise be waived. A doctrine of the Pusey & Jones Case is that a bill of the kind known as receivership bill, although it may not be maintained against the opposition of a defendant, may be entertained by a court of equity with the consent of the defendants. Hence we have bills in which receivers are appointed where there is a confessing answer, although the same bill would not be sustained against a resisting defendant. The instant bill is of this latter character, and it follows that this first ground of dismissal cannot be sustained. Besides this broad question of equitable jurisdiction, there is the question of the jurisdiction of a court of the United States as distinguished from that of the state court. In some cases a United States court has jurisdiction in this sense, and in other cases it has not. One of the instances in which it has jurisdiction is what we know as diversity of citizenship cases. Here this diversity exists. It is, however, under the act of Congress (Jud. Code § 24 [28 USCA § 41]) limited to the class of cases in which "the sum in controversy" exceeds $3,000. In this case the averred sums

due the plaintiffs did not reach the sum of $3,000, and hence it is urged this court had no jurisdiction. The answer made to this is that the bill concerns itself, not with the claims of the plaintiffs, but with the value of the receivership assets, and that the latter far exceeds the required jurisdictional sum. The question before us therefore resolves itself into the question of which of these sums determines the jurisdiction of the court. It has been held in this district that it is the value of the receivership assets which determines jurisdiction. This ruling would be followed unless the law has otherwise been authoritatively determined. It is asserted that the law has been held to be otherwise in, among others, the following cases: Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Robbins v. Western Automobile Ins. Co. (C. C. A.) 4 F. (2d) 249; Randall v. Becton-Dickinson Co. (D. C.) 18 F.(2d) 631.

This motion is to be determined accordingly by the rulings there made. It is admitted, as it must be, that this question of jurisdiction is to be determined by the value of the subject of the controversy.

The doctrine of the Lion Case is not in conflict with this proposition. It is to be distinguished from the instant case as it was distinguished in the case of Haynes v. Fraternal Aid (D. C.) 34 F.(2d) 305. In the Lion Case the court was held to be without jurisdiction on the double ground of want of jurisdiction in equity and lack of jurisdiction in a court of the United States. The ruling on the first ground confirms what we have already said. In the absence of a confessing answer and thus a submission to the jurisdiction of the court, the bill in the instant case would be dismissed. There is, however, a confessing answer, and this distinguishes the case before us from the Lion Case in which there was no such answer.

The ruling on the second ground was based upon the fact finding that the value of the subject-matter of the controversy was less than $3,000. The bill there was to enforce the claim of the plaintiff as a first lien against the assets which were sought to be made the subject of a receivership. It is true that these assets were of a value exceeding $3,000, but the subject-matter of the controversy was the claim of the plaintiff, not the assets of the corporation.

The motion to dismiss is denied.