## CORCORAN v. ROYAL DEVELOP-MENT CO.

### Civ. No. 1434.

District Court, E. D. New York.

Oct. 4, 1940.

David M. Palley, of New York City, for plaintiff.

Dwyer, Reilly, Roberts, McLouth & Dicker, of Rochester, N. Y. for defendant.

MOSCOWITZ, District Judge.

Defendant seeks a dismissal of the complaint upon the ground that the amount actually in controversy does not exceed $3,-000, and is in fact $1,400, and for that reason the Court lacks jurisdiction of the subject matter. Such a motion may be made at any time and certainly before the answer to the complaint is served as is provided in Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Diversity of citizenship is present. The plaintiff in his complaint seeks a declaratory judgment in his behalf and all other creditors of the defendant. In his demand for relief he requests an adjudication of the rights of the various classes of security holders of the defendant. The complaint alleges: "Third: The matter in controversy exceeds, exclusive of interest and costs, the sum of Three thousand ($3,000.00) Dollars."

This allegation standing alone is all that the pleader need allege. See Form 2, Appendix of Forms, Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The complaint (paragraph 28), however, alleges that the plaintiff is the registered owner of seven participating contracts of the aggregate principal amount of $1,400.

This action is based on Title 28 U.S.C.A. § 400 relating to declaratory judgments and known as the Federal Declaratory Judgment Act. This Act does not and could not in any wise change the essentials which are required to give this Court jurisdiction of an action. In the case of Utah Fuel Co. v. National Bituminous Coal Commission, 69 App.D.C. 333, 101 F.2d 426, 431, affirmed 306 U.S. 56, 59 S.Ct. 409, 83 L.Ed. 483, the Court decided: " * * The statute does not add to the jurisdiction of the federal courts, or create any new substantive right. It is a procedural statute, which adds a remedy for use in cases of which federal courts already have jurisdiction. * * *"

Title 28 U.S.C.A. § 41 provides that this Court shall have jurisdiction of all suits of a civil nature, at common law or in equity where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and is between citizens of different states.

The Court is not bound by the original allegation (paragraph 3 of the complaint) that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000 if the complaint otherwise shows the amount in controversy is less than the jurisdictional amount. Travelers' Ins. Co. of Hartford, Conn., v. Rabinowitz, D.C., 9 F. Supp. 353. The Court may examine the entire complaint to determine whether the jurisdictional amount is in controversy. Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535. It appears from the complaint (paragraph 28) that the sole interest of the plaintiff is $1,400.

The fact that the plaintiff alleges that this action was brought on behalf of himself and all other creditors of the defendant can avail him naught. It is not the aggregate amount of money owing to creditors that controls, but the amount that is due the plaintiff that gives this Court jurisdiction. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871. See Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121. The case of United States Radiator Corporation v. Doody, D.C., 5 F. Supp. 471, is not to the contrary. There the Court held, in an equity case where plaintiff demanded the appointment of a receiver against the defendant and the defendant interposed the usual answer confessing, that that amounted to a waiver of any want of equitable jurisdiction. Here no receivership was sought and no answer confessing has been filed.

Plaintiff also claims that this Court has jurisdiction for the reason that the amount in controversy is a trust fund exceeding $3,000 and that, that is controlling upon the question of jurisdiction and that the individual interest of the beneficiaries of the trust cannot be considered. He further contends that because the complaint demands the distribution of the proceeds realized on the sale of corporate assets (exceeding $3,000) that the jurisdictional amount is present in this case. These contentions are untenable. See Glenwood Light & Water Company v. Mutual Light, Heat & Power Company, 239 U.S. 121, 36 S.Ct. 30, 60 L. Ed. 174; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; Local No. 7 of Bricklayers', etc., Union v. Bowen, D.C., 278 F. 271.

The jurisdiction does not depend upon the amount stated in the complaint (in excess of $3,000) which, after all, is the conclusion of the pleader but upon the real amount in controversy, therefore, if it should be proven that the amount of damages could not exceed $3,000, the Court would be justi-

402

fied in dismissing the complaint. For example, if a plaintiff in a personal injury suit demanded damages in excess of $3,000 and the proof showed that his damages did not exceed more than a few hundred dollars, it could not be successfully argued that the amount in controversy exceeded $3,000, and that therefore the Court had jurisdiction of the subject matter. Cases are all too frequent of the kind mentioned in the above example. They should be discouraged by a dismissal of the complaint. Such cases should be brought in the State's Courts which have jurisdiction of such cases regardless of amounts, and not in the Federal Court.

By no stretch of the imagination can plaintiff's claim exceed $1,400. This Court is therefore without jurisdiction.

Motion granted. Settle order on notice.