Claudia WALKER, Appellant,

v.

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, and Transamerica Corporation, Appellees.

No. 16056.

United States Court of Appeals Ninth Circuit.

May 22, 1959.

Rehearing Denied Aug. 21, 1959.

Jenks, San Francisco, Cal., for appellees.

Before POPE, CHAMBERS, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Appearing in propria persona, Claudia Walker brought this action to recover special and general damages in the sum of $1,056,996. Named as defendants in the original complaint were Bank of America National Trust and Savings Association (Bank of America) and Transamerica Corporation (Transamerica). Responsive to a motion made by defendants, the district court dismissed the action for lack of jurisdiction.

Plaintiff thereafter made in succession four motions designed to reinstate the lawsuit.[1] The district court entered orders denying in whole or in part the first three of these post-dismissal motions. Plaintiff then appealed from these orders and from the original order of dismissal. In her notice of appeal, plaintiff also anticipated possible adverse action on the fourth post-dismissal motion and sought to include any such future order in her appeal. An order was thereafter entered denying this fourth motion.

We direct our attention first to the appeal from the original order dismissing the action. Bank of America has moved for dismissal of the appeal as to it, arguing that the appeal was not timely.

The order dismissing the action was entered on January 28, 1958. The time for filing a notice of appeal would thus normally expire thirty days later, i. e., on February 27, 1958. Rule 73(a), Federal Rules of Civil Procedure, 28 U.S. C.A.

It is further provided in this rule, among other things, that the running of the time for appeal is terminated by a

Claudia Waller Walker, in pro. per.

Samuel B. Stewart, Kenneth M. Johnson, Robert T. Shinkle, Orrick, Dahlquist, Herrington & Sutcliffe, Christopher M.

1. Motion to set aside the order of dismissal and for leave to file an amended complaint (denied by order of April 18, 1958); motion to correct the memorandum and order of dismissal (denied in part by order of May 7, 1958); motion for relief from the order of dismissal made on the ground of newly discovered evidence (denied by order of May 13, 1958); and motion for relief from the order of dismissal made on the ground of fraud (denied by order of May 19, 1958).

timely motion to alter or amend the judgment, made pursuant to Rule 59(e), Federal Rules of Civil Procedure. In the event such a motion is timely made, the full time for appeal commences to run and is to be computed from the entry of an order granting or denying the motion.

It is provided in Rule 59(e) that a motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment. On February 7, 1958, which was within this ten-day period, appellant served and filed a motion to set aside the order of dismissal and for leave to file an amended complaint. In effect, this motion was to alter or amend the order of dismissal by changing the decretal provision from a dismissal of the action to a dismissal of the complaint, and by adding a provision granting leave to file an amended complaint and to drop a party defendant.

The order denying this motion was entered on April 18, 1958. Under Rule 73(a), therefore, appellant had until May 18, 1958, to take an appeal from the order of dismissal entered on January 28, 1958. Her appeal was taken on May 16, 1958, and would therefore seem to be timely.

■ Counsel for Bank of America, however, points out that the motion to alter or amend the judgment was made for the purpose of enabling appellant to file an amended complaint in which only Transamerica was named a defendant. Since it was thus proposed to drop Bank of America as a party, the argument is made that the motion could not, as to the bank, extend the time for taking an appeal from the order of dismissal. Counsel for the bank further argues that it was in fact necessary that the action

remain dismissed as to the bank if appellant expected to continue the suit only against Transamerica, as contemplated by the proposed amended complaint.

If appellant's motion and the tendering of the amended complaint are to be regarded as acquiescence in the order of dismissal as to Bank of America, the latter's position, as set out above, has merit. It seems to us, however, that appellant, faced with the order of dismissal, was reluctantly seeking to save as much of the lawsuit as possible, without conceding that the order of dismissal was correct as to the bank.

Both the original and the proposed amended complaint were designed to establish jurisdiction on the basis of diversity of citizenship. But appellant also asserted jurisdiction on other grounds, to be hereinafter discussed, which she has not abandoned and here renews. Under these circumstances it is our view that the extension of time accomplished by the serving of the motion to alter or amend the judgment is effective as to Bank of America as well as Transamerica.

The motion to dismiss the appeal as to Bank of America from the order of January 28, 1958, is therefore denied.

Appellant argues that the court erred in entering the order dismissing the action because appellees' motions to dismiss were not timely.

A review of the docket entries convinces us that the motions to dismiss were filed within the time specified in Rule 12(a), Federal Rules of Civil Procedure, 28 U.S.C.A., as enlarged by the court pursuant to Rule 6(d). In any event it is provided in Rule 12(h) that a motion to dismiss for lack of jurisdiction may be made at any time.[2]

---

2. See Corcoran v. Royal Development Co., D.C.N.Y., 35 F.Supp. 400, affirmed 2 Cir., 121 F.2d 957; Louisville & N. R. Co. v. United States, D.C.Ky., 106 F. Supp. 999, affirmed 6 Cir., 221 F.2d 698. Appellant may also be contending that appellees' appearances in connection with their motions were general appearances and that they thereby submitted to personal jurisdiction. But the jurisdiction which appellees question is not jurisdiction over the person, but jurisdiction over the subject matter. A general appearance does not establish jurisdiction over the subject matter. See Romero v. International Terminal Operating Co., D.C.

Appellant further contends that the allegations of the original complaint, as amended and proposed to be amended prior to dismissal of the action, show jurisdiction and that the district court erred in holding otherwise.

In the complaint it is alleged that in 1939 Miss Walker was an employee of Bank of America, a national banking association, of its affiliate, Bankamerica Agricultural Credit Corporation, and of Transamerica, a Delaware corporation of which Bank of America was a wholly-owned subsidiary. It is further alleged that on October 23, 1939, she resigned this employment on account of ill health.[3] It is alleged that her illness, which included a nervous breakdown, resulted from worry and strain occasioned by close contact with a wide variety of assertedly improper and illegal banking practices by her superiors, inadequate salary, and an unreasonably heavy work load. It is also alleged that her resignation was wrongfuly demanded because she had informed the Securities and Exchange Commission of certain assertedly illegal practices being carried on by Bank of America, Transamerica, and subsidiaries of the latter company.

The complaint also contains allegations to the following effect: After her resignation Miss Walker was illegally committed to the Stockton State Hospital.[4] An attorney, Arthur Brouillet, employed by her mother, notified officials of Bank of America of Miss Walker's illness and of the immediate need for funds in the sum of two hundred dollars for medical care. Notwithstanding receipt of this notice of her illness, defendants fraudulently concealed from Miss Walker's next of kin—her mother—that Miss Walker was entitled to six thousand dollars in workmen's compensation benefits from the State of California. Miss Walker did not learn until 1948 that the bank had been given timely notice of the illness. It was not until about November 15, 1953, that she received proof that the bank had received such notice. This proof consisted of copies of letters which Brouillet had written to the bank and to appellant's mother in December 1939.

All of the assertedly fraudulent and unlawful acts referred to above, it is alleged, were accomplished by appellees individually and in conspiracy with each other and with certain state and federal officials and agencies. As a result, appellant alleges, she underwent a long period of illness, was unnecessarily and illegally committed to an institution, and suffered physical pain, mental suffering, humiliation, and damage to reputation. General damages in the sum of one million dollars and special damages in the sum of $56,996 are sought.[5]

Before any responsive pleading was served, Miss Walker amended her complaint by adding thereto a new paragraph XV. By this amendment appellant sought to invoke jurisdiction under the Civil Rights Act, particularly 28 U.S. C.A. § 1343, and 42 U.S.C.A. §§ 1983 and 1985(3). Appellant later moved for leave to further amend her complaint by adding twenty-five additional pages thereto, comprising new paragraphs XVI to XXVI, and adding a prayer for declaratory relief. The new paragraphs thus sought to be added deal in the main with the question of jurisdiction, no addition-

---

S.D.N.Y., 142 F.Supp. 570, 572, affirmed 2 Cir., 244 F.2d 409. Nor does it even operate to prevent a subsequent contest of the court's jurisdiction over the person, if otherwise timely. Blank v. Bitker, 7 Cir., 135 F.2d 962, 966; Emerson v. National Cylinder Gas Co., D.C. D.Mass., 131 F.Supp. 299, 301.

3. Although Miss Walker's service was terminated at this time, she was retained on the payroll until January 23, 1940.

4. It is alleged that because of the illegality of this commitment the record thereof was officially expunged on February 1, 1946.

5. The twenty-seven-page complaint contains a great many other allegations, most of which are redundant or immaterial and some of which are impertinent and scandalous within the meaning of Rule 12 (f), Federal Rules of Civil Procedure.

al substantive claims for relief being asserted [6]

The original complaint, as amended by the addition of paragraph XV, and as proposed to be amended by the addition of paragraphs XVI to XXVI, alleges facts designed to show jurisdiction on three grounds. These are: (1) Diversity of citizenship, pursuant to 28 U.S.C.A. § 1332; (2) existence of a federal question, pursuant to 28 U.S.C.A. § 1331; and (3) deprivation of civil rights, pursuant to 28 U.S.C.A. § 1343, and 42 U.S.C.A. §§ 1983 and 1985(3). We will consider, seriatim, these three asserted grounds of jurisdiction.

■ There can be no diversity of citizenship if the plaintiff is of the same state citizenship as any one of the defendants, since diversity must be complete. Baltimore & Ohio R. Co. v. City of Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834. In order to show diversity jurisdiction, it was therefore necessary for Miss Walker, a citizen of the State of California, to allege facts establishing that Bank of America and Transamerica were not citizens of the State of California.[7] This was done in the original complaint in the case of Transamerica, it being alleged that this company was incorporated in Delaware.[8]

■■ In the case of Bank of America, however, it is alleged in the original complaint that this defendant is a national banking association organized and existing under and by virtue of the laws of the United States. For jurisdictional purposes a national banking association is deemed to be a citizen of the state in which it is located.[9] It is not alleged in the original complaint that Bank of America is located in a state other than California.[10] It follows that, in so far as the original complaint is concerned, appellant failed to plead facts showing diversity jurisdiction.

In new paragraphs XVI to XXVI, which appellant sought leave to add to the original complaint by amendment, it is alleged in effect that Transamerica but not Bank of America is the real party defendant in interest. It is further alleged that Bank of America is only an instrumentality of Transamerica. On the basis of these allegations, appellant argued at the district court hearing that the entity of Bank of America should be disregarded. If this were done, it was contended, Transamerica could be regarded as the only defendant and diversity jurisdiction would be thereby established.

The district court in its memorandum and order of January 28, 1958, rejected this argument. The court held that the complaint, as proposed to be amended, did not allege facts sufficient to show that Bank of America was not a separate and identifiable legal entity. Moreover, the court held, it would be inappropriate to accept such a basis of diversity jurisdiction inasmuch as Bank of America con-

---

6. The motion for leave to make this further amendment was heard at the same time that the court heard argument on the motions to dismiss. While the order which was entered as a result of this hearing makes no separate mention of the motion for leave to amend, the order dismissing the action in effect denied that motion.

7. One who invokes the jurisdiction of a federal district court must allege in his pleading the facts essential to show jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 676; Rule 8(a), Federal Rules of Civil Procedure.

8. Prior to the 1958 amendment of 28 U.S.C.A., § 1332 (Act of July 25, 1958, Public L. 85-554, sec. 2, 72 Stat. 415), it was established doctrine that a corporation, for the purposes of jurisdiction, is deemed a citizen only of the state in which it is incorporated. See St. Louis & S. F. Ry. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802.

9. Cope v. Anderson, 331 U.S. 461, 467, 67 S.Ct. 1340, 91 L.Ed. 1602; 28 U.S.C.A. § 1348.

10. In a brief filed in the district court appellant tacitly conceded that Bank of America has its principal place of business in San Francisco, California.

tinued as a named party defendant in the action.

We do not understand that appellant is now contesting this ruling which, in any event, we hold to be correct. Appellant's present position with respect to diversity jurisdiction appears to be that if her motion to alter or amend the judgment of dismissal had been granted, thus enabling her to file an amended complaint in which only Transamerica was named as defendant, diversity jurisdiction would have been shown. This contention will be considered in connection with the discussion of the order denying the motion to alter or amend the judgment of dismissal.

■ The complaint as amended and as proposed to be amended contains a number of allegations designed to invoke jurisdiction on the ground that the action "arises under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331. Among the federal laws referred to as giving rise to the action are 12 U.S.C.A. §§ 93 and 94;[11] general provisions of the National Banking Act which, appellant argues, made it unlawful for Bank of America to fraudulently conceal from appellant that she was entitled to workmen's compensation benefits under the California statutes; section 2 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 202, setting out a congressional finding and declaration of policy; and section 18 of that act, 29 U.S.C.A. § 218.[12]

The order dismissing the action in effect rejects the contention that allegations making reference to these and possibly other federal statutes show federal-question jurisdiction under 28 U.S.C.A. § 1331.

In our opinion the court was correct in so ruling. The gist of this action, in so far as the complaint by any possibility states a claim on which relief can be granted, is common-law fraud or conspiracy, and the violation of a duty under a California statute to notify appellant of her right to benefits under the California Workmen's Compensation Law, West's Ann.Cal.Labor Code, § 3201 et seq. The rights created by the federal statutes to which reference has been made are not essential elements of such a cause of action. The fact that it may be necessary in the course of the litigation to construe these or other federal statutes is not sufficient to give application to 28 U.S.C.A. § 1331.[13]

■ The remaining jurisdictional allegations of the original complaint as amended and as proposed to be amended are designed to invoke jurisdiction under the Civil Rights Act. In this connection appellant relies upon 28 U.S.C.A. § 1343 and 42 U.S.C.A. §§ 1983 and 1985(3).

Section 1343 provides that district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages or to redress the deprivation of rights resulting from four kinds of conduct or inaction. The first two of these, as defined in paragraphs (1) and (2) of section 1343, pertain to a conspiracy or

---

11. These statutes provide for suits against national banking associations by the Comptroller of the Currency, where the directors have knowingly violated or permitted any officer, agent, or servant of the association to violate any provision of the National Banking Act. They also permit individuals to sue the directors of such associations to recover damages resulting from specified violations of the act.

12. This statute specifies that no provision of that act shall excuse noncompliance with any federal or state law or municipal ordinance establishing stated requirements for employment.

13. Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118, 121. See, also, Beistline v. City of San Diego, 9 Cir., 256 F.2d 421. An additional reason why the reference to 12 U.S.C.A. §§ 93 and 94 is not helpful is that, in so far as a suit against a national banking association is concerned, these statutes authorize only a suit by the Comptroller of the Currency for the purpose of dissolving a national banking association. Actions by individuals to recover damages must be brought against the directors individually, and not the association.

other wrong mentioned in 42 U.S.C.A. § 1985. In order to determine whether appellant has stated any cause of action under either of these first two paragraphs of 28 U.S.C.A. § 1343, it is therefore necessary to look at 42 U.S.C.A. § 1985.

The conspiracies set forth in that section relate to interferences with the holding of public office and the performance of the duties thereof (subsection (1)); interferences with due course of justice (subsection (2)); and deprivation of the equal protection of the laws, or of equal privileges and immunities under the law, or hindering constituted authorities in affording equal protection, or interference with federal elections (subsection (3)). Agnew v. City of Compton, 9 Cir., 239 F.2d 226, 233.

There are no facts pleaded which would invoke subsection (1) or (2) of section 1985. Concerning subsection (3), there are general allegations to the effect that appellant was denied the equal protection of the laws and equal privileges and immunities under the laws. These are not allegations of fact but the statement of legal conclusions. There are no facts alleged which tend to show that appellees deprived appellant of these constitutional rights.[14]

It follows from what has just been said that the original complaint, as amended and proposed to be amended, does not state a cause of action under the first two paragraphs of 28 U.S.C.A. § 1343.

■ The third paragraph of that section relates to deprivations of a right, privilege, or immunity secured by the Constitution or any federal statute "providing for equal rights of citizens * *," when such deprivation is accomplished "under color of any State law, statute, ordinance, regulation, custom or usage."

■ Appellant has alleged in effect that the acts of appellees of which she

complains were done under color of state law. This general allegation, however, is not supported by the complaint read as a whole. A person does not act under color of state law unless he acts, or purports to act, on behalf of the state as a state official, or in conspiracy with a person so acting. Schatte v. International Alliance, 9 Cir., 182 F.2d 158, 167. There is no allegation that Bank of America or Transamerica acted, or purported to act, as a state agency.

■ There are allegations to the effect that appellees entered into a conspiracy with various state officials and agencies.[15] But the subject matter of such asserted conspiracies, as alleged in the complaint, had nothing to do with any constitutional provision or statute "providing for equal rights of citizens * *." This is an essential element in stating a cause of action under section 1343(3).

It is therefore our opinion that the original complaint, as amended and proposed to be amended, does not state a cause of action under section 1343(3).

■ Paragraph (4) of section 1343 authorizes the recovery of damages or the securing of other relief under any statute "providing for the protection of civil rights, including the right to vote." The pleadings here in question do not contain allegations of a kind which give application to any such statute.

The second civil rights statute sought to be invoked by appellant is 42 U.S.C.A. § 1983. A right of action to recover damages or other relief is therein provided against any person who, under color of state law, subjects, or causes to be subjected, any person within the state "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

■ In order to state a cause of action under section 1983 it is necessary to allege facts showing that the purpose of the defendants in committing the

14. See Collins v. Hardyman, 341 U.S. 651, 661, 71 S.Ct. 937, 95 L.Ed. 1253; Whittington v. Johnston, 5 Cir., 201 F.2d 810, 811.

15. The then State District Attorney, State Board of Control, State Industrial Accident Commission, and possibly other state officials and agencies.

acts complained of was to discriminate between persons or classes of persons. Agnew v. City of Compton, supra, 239 F. 2d at page 231. In the instant case, as in the Agnew case, there are general allegations to the effect that appellees had such a purpose. But these general allegations are unsupported by the factual allegations of the complaint read as a whole, and are therefore inadequate to state a cause of action under section 1983.[16]

The remaining civil rights statute cited by appellant, 42 U.S.C.A. § 1985(3), has been fully discussed in connection with the consideration of 28 U.S.C.A. § 1343.

It is our view that the district court correctly held in its memorandum and order of January 28, 1958, that the complaint, as amended and proposed to be amended, does not state a cause of action under the Civil Rights Act.

Having reached the conclusion that the pleading under discussion does not show jurisdiction on any ground, we hold that the trial court did not err in entering the order of January 28, 1958, dismissing the action.[17]

This brings us to the appeal from the order of April 18, 1958, denying appellant's motion to alter or amend the order dismissing the action. As before indicated, the motion thus denied is to be regarded as having been made pursuant to Rule 59(e), Federal Rules of Civil Procedure. The purpose of the motion was to change the decretal provision of the January 28, 1958, order from a dismissal of the action to a dismissal of the complaint, and to add a provision granting leave to file an amended complaint and to drop a party defendant.

Bank of America moves to dismiss the appeal from the order of April 18, 1958, arguing that it is not an appealable or-

der. While Transamerica does not join in this motion, the ground asserted by Bank of America, if meritorious, would require dismissal of the appeal from this order as to both appellees.

No authority has been cited with specific reference to the appealability of orders on motions to alter or amend a judgment of dismissal made pursuant to Rule 59(e). A motion for a new trial gives the trial judge power to alter, amend, or vacate the judgment. Napier v. Delaware, L. & W. R. Co., 2 Cir., 223 F.2d 28. If a motion for a new trial is denied, the order of denial may be reviewed for manifest abuse of discretion. Lavino v. Jamison, 9 Cir., 230 F.2d 909. We think it follows, or at least is sufficiently analogous to compel the conclusion, that an order denying a motion made under Rule 59(e) to alter or amend a judgment is appealable, but only on the question of whether there has been a manifest abuse of discretion.

The reasons given by the court for denying this motion were: (1) Bank of America is an indispensable party and therefore an amended complaint dropping the bank as a party ought not to be permitted; and (2) it appeared from the face of the proposed amended complaint that the claim for relief was barred by the statute of limitations.

All bases of jurisdiction, as asserted in the original complaint as amended and sought to be amended before the original hearing, have been found to be insupportable. The only possible basis of jurisdiction stated in the proposed amended complaint which appellant sought leave to file after entry of the order of dismissal is that of diversity of citizenship.

The gist of the cause of action which is possibly stated under the proposed amended complaint is for common-

---

16. If any purpose of appellees is factually asserted in these pleadings, it is the private one of furthering their own business plans and avoiding the expenditure of funds.

17. Pursuant to Rule 15(a), Federal Rules of Civil Procedure, appellant had already amended her complaint once as a matter of course. Accordingly, she was not entitled to an order merely dismissing the complaint, and does not make such a contention here.

law fraud or conspiracy, or failure to perform a duty required by state statute. The longest period provided by any state statute of limitations which could possibly apply is four years.[18] With regard to section 338(4), however, governing actions for fraud or mistake, it is provided that the action is "not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud, or mistake."

The acts upon which appellant relies as having given rise to the cause of action occurred not later than 1939 or 1940. The only such act concerning which appellant alleges lack of immediate knowledge has to do with the bank's asserted failure to advise her of her rights under the Workmen's Compensation Law. As to this, however, appellant alleges that she learned in 1948 that her mother had given the bank notice of her illness and need for compensation. Her cause of action thus came into existence at that time.

The fact, as she alleges it to be, that she did not obtain conclusive proof that such notice had been given until 1953 is immaterial. The 1953 date has to do only with the discovery of evidence which would support her claim, not discovery of the claim itself. See 1 Witkin, California Procedure, Actions, sec. 143, pages 652–653, and cases there cited.

The ruling of the district court to the effect that the cause of action is barred by the statute of limitations was therefore correct. Accordingly, it was not a manifest abuse of discretion to deny the motion to alter or amend the judgment for the purpose of receiving an amended complaint containing this inherent defect. It is not necessary to decide whether the court was correct in holding that Bank of America was an indispensable party.

■ The remaining orders sought to be appealed from are dated May 7, 13, and 19, 1958. In the first of these orders the court granted in part and denied in part appellant's motion made on April 22, 1958, to correct the memorandum and order of April 18, 1958. Appellant did not by this motion seek any specified change in the decretal provision of the April 18 order, but sought only changes in the recitals set out in the court's memorandum which preceded the order. The motion is to be regarded as in the nature of a petition for rehearing or reconsideration. Accordingly, it is not a final and appealable order.

■ By the order of May 13, the court denied a motion made on May 9, 1958, for "Relief From Order Under Rule 60b (Newly discovered evidence)." Since there had been no trial, this motion was improperly designated and is to be regarded as in the nature of a petition for rehearing or reconsideration. It was therefore not appealable.

■ By the order of May 19, the court denied a motion made on May 13, 1958, for "Relief From Order Under Rule 60b (Fraud)." Since, however, the only notice of appeal was filed prior to the entry of this order, we do not have jurisdiction to review it. See In re Forstner Chain Corporation, 1 Cir., 177 F.2d 572, 576.[19]

The appeal from the orders of May 7, 13, and 19, 1958, is dismissed. The orders and judgments of January 28 and April 18, 1958, are affirmed.

18. California Code of Civil Procedure, sec. 338(1)—an action upon a liability created by statute, other than a penalty or forfeiture; sec. 338(4)—an action for fraud or mistake; sec. 339(1)—an action upon a liability not founded upon an instrument in writing; sec. 343—an action not otherwise provided for.

19. The asserted "fraud" consisted of a statement made to the court by opposing counsel at or about the time of the hearing on the motion to dismiss, to the effect that "if all of the facts stated by plaintiff were admitted to be true, this would be of no benefit to plaintiff." The statement complained of, whether or not true, was only an expression of opinion as to the law, and hence could not constitute fraud within the meaning of Rule 60(b), Federal Rules of Civil Procedure.