302 F.2d 321
 Austin T. FLETT, Plaintiff-Appellant,
v.
W. A. ALEXANDER & COMPANY, The Fidelity & Casualty Company of New York, Wade Fetzer, Jr., Walter M. Sheldon, John H. Sherman, American Mutual Insurance Alliance, Lumberman's Mutual Casualty Company, Newell Johnson, James S. Kemper, Sr., and Chase M. Smith, Defendants-Appellees.
 No. 13571.
 United States Court of Appeals Seventh Circuit.
 April 24, 1962.
 Rehearing Denied May 21, 1962.
 
 Benjamin Wham, Charles V. Falkenberg, Chicago, Ill., for appellant.
 John B. Robinson, Jr., Chicago, Ill., for appellees.
 William A. McSwain, Howard F. Husum, Chicago, Ill., for W. A. Alexander & Co., Wade Fetzer, Jr., Walter M. Sheldon, and John H. Sherman. Eckhart, Klein, McSwain & Campbell, Chicago, Ill., of counsel.
 Leo F. Tierney, Bryson P. Burnham, Edward R. Lev, Chicago, Ill., for The Fidelity & Casualty Co. of New York. Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel.
 Douglas C. Moir, Charles J. Calderini, Chicago, Ill., for Lumberman's Mutual Casualty Co., James S. Kemper, Sr., and Chase M. Smith. Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel.
 John B. Robinson, Jr., W. Donald McSweeney, Chicago, Ill., for American Mutual Insurance Alliance and Newell Johnson. Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., of counsel.
 Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.
 HASTINGS, Chief Judge.
 
 
 1
 This appeal arises out of the refusal of the district court to grant plaintiff relief under Rule 60(b),[1] Federal Rules of Civil Procedure, 28 U.S.C.A., from a judgment dismissing the action.
 
 
 2
 Plaintiff's original complaint was filed December 9, 1959 and was followed by a first amended complaint on February 17, 1960. The first amended complaint alleged that "defendants, American Mutual Insurance Alliance, Newell Johnson, Lumbermen's Mutual Casualty Company, James S. Kemper, Sr., and Chase M. Smith, illegally combined and conspired to monopolize and restrain interstate trade and commerce by suppressing the plaintiff's statement and other material concerning mutual insurance, and so depriving the public of this information * * *." It further alleged that pursuant to such conspiracy plaintiff was forced out of business. Plaintiff had formerly been an associate office broker with defendant, W. A. Alexander & Company, an insurance brokerage agency.
 
 
 3
 Defendants moved to dismiss, and the court ordered the parties to submit proposed forms of order. The parties complied, and plaintiff pointed out to the court by letter dated January 17, 1961 that defendants' proposed order called for a dismissal of the case. Plaintiff's proposed order sought the overruling of the motions to dismiss. The court dismissed the first amended complaint and the action on January 17, 1961.
 
 
 4
 Twenty-two days later, on February 8, 1961, plaintiff sought leave to file a second amended complaint. Leave to file was denied on the grounds that the dismissal of the action on January 17 was a final judgment and the time provided by Rule 59(e)[2] for amending the judgment had passed.
 
 
 5
 Plaintiff does not contend that the order of January 17, 1961, dismissing the cause of action was not a final appealable order. He concedes that neither the original complaint nor the first amended complaint stated a claim under the antitrust laws. No appeal was taken from the final order of January 17, 1961, dismissing the action or from the order denying plaintiff leave to file his second amended complaint.
 
 
 6
 On June 30, 1961, plaintiff filed his motion for relief under Rule 60(b), requesting the "Court to reopen the judgment entered herein on January 17, 1961, and for leave to file a Second [Third] Amended Complaint * * *." As grounds for relief, plaintiff's motion alleged that the illness of one of plaintiff's counsel during the ten day period following entry of judgment on January 17, 1961 prevented filing of a timely motion to amend the judgment under Rule 59(e), that plaintiff was taken by surprise by the failure of the court to treat plaintiff's letter concerning defendants' proposed form of order as a "stop-gap motion within the ten days" and that plaintiff had "discovered new evidence (which, by due diligence, could not have been discovered in time to move for a new trial under Rule 59(b)) on which to base vital allegations which do not appear in the [first] amended complaint * * *." Allegedly, the newly discovered evidence shows that various defendants have boycotted and refused to deal with plaintiff and that Michael L. Igoe, Jr., the trial judge's son, "joined and participated in the conspiracy herein prior to and after January 1, 1959." After oral argument on this motion, it was denied by the court on September 22, 1961. This order is the subject of the instant appeal.
 
 
 7
 The question presented is whether the district court abused its discretion in denying plaintiff's motion under Rule 60(b) to vacate the final judgment dismissing the action.
 
 
 8
 Shortly after submission of this case on appeal, following oral argument, plaintiff's counsel addressed a letter to our court stating in substance that plaintiff waives any contention concerning the alleged impropriety of Judge Igoe's participation in this proceeding because of bias and prejudice. Accordingly, we shall treat that question as abandoned by plaintiff and not consider it further.
 
 
 9
 The physical incapacity of one of the two lawyers representing plaintiff does not entitle plaintiff to relief on the grounds of "excusable neglect" in the absence of a strong showing that other counsel could not have acted for him under the circumstances then existing. The record clearly shows that the other counsel was present in court and, indeed, acted as plaintiff's spokesman on February 8, 1961, when he sought to file his second amended complaint, and on September 22, 1961, when he sought relief under Rule 60(b). We think this claim, under all the circumstances shown by the record, is wholly without merit. In any event, it was addressed to the sound discretion of the trial court and we find no abuse of discretion in the ruling on this proposition.
 
 
 10
 We are unimpressed with plaintiff's further contention that it was not possible for his counsel "to prepare a second amended complaint within the ten days" and that his counsel acted in the belief that their letter of January 17, 1961 to the trial court "would act as a stop-gap motion within the ten days." As defendants aptly point out, there is nothing in the Rules requiring the filing of an amended complaint within the ten day period. Plaintiff could merely have filed a motion under Rule 59(e) for modification of the judgment dismissing the action and for leave to file the second amended complaint. Walker v. Bank of America National Trust & Sav. Ass'n, 9 Cir., 268 F.2d 16, 20 (1959), cert. denied 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158.
 
 
 11
 Further, the "stop-gap motion" in the form of counsel's letter can only be treated for what it was — a request that the trial court not dismiss the action. By no stretch of the imagination can it be considered a timely motion to amend the judgment under Rule 59(e). Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726, 729 (1961), cert. denied 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36.
 
 
 12
 Plaintiff is on equally untenable grounds in trying to bring himself within Rule 60(b) (2) on the grounds of newly discovered evidence. It is apparent that the items referred to were gleaned from representations made to the trial court by defendant's counsel in oral arguments and briefs. There is no adequate showing that plaintiff could not have discovered these matters by the exercise of due diligence. It appears that his counsel simply failed to appreciate the legal significance of the facts at hand. There is no merit in this contention.
 
 
 13
 In choosing to reject this latter contention on its merits, we do not hold that this is a proper contention to make in this case. The action was dismissed by the trial court pursuant to a motion without the introduction of evidence. Rule 60(b) (2) grants relief by reason of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." (Emphasis added.) This would seem to cast grave doubt on its applicability where there has been no trial on the merits and no evidence presented to the court. See Walker v. Bank of America National Trust & Sav. Ass'n, supra, 268 F.2d at 26.
 
 
 14
 It should be noted again that plaintiff chose not to appeal the judgment of January 17, 1961 dismissing the action and that the trial court denied leave to file a second amended complaint on February 8, 1961. Five days later, on February 13, 1961 (during the 30 day appeal period), plaintiff filed a separate suit alleging the same facts he had sought to present in his second amended complaint. After this other action had been pending for about two and one-half months plaintiff took a voluntary non-suit. About one month thereafter he sought to reopen the original suit by filing the instant motion under Rule 60(b).
 
 
 15
 There can be little doubt that plaintiff attempted to use Rule 60(b) as a substitute for the appeal he deliberately chose not to take. This he cannot do. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).
 
 
 16
 Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. The district court did not abuse its discretion in denying relief under that rule in this case. John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 239 F.2d 815, 817 (1956). We have had occasion to reaffirm this principle in recent decisions. Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726, 730 (1961), cert. denied, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36; Nugent v. Yellow Cab Company, 7 Cir., 295 F.2d 794, 796 (1961), cert. denied, 82 S.Ct. 844.
 
 
 17
 For the foregoing reasons, we hold that the district court did not abuse its discretion in denying plaintiff's motion under Rule 60(b) to vacate the final judgment dismissing this action.
 
 
 18
 On its facts, the instant case is completely devoid of the situations usually found by the courts to justify relief under Rule 60(b).
 
 
 19
 The order of the district court appealed from is affirmed.
 
 
 20
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "Rule 60. Relief from Judgment or Order
 * * * * *
 "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment, upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *"
 
 
 [2]
 Rule 59(e). "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."