# Supreme Court of Texas

No. 23-0885

Georgia Verhalen and Cindy Verhalen,

*Petitioners*,

v.

Adriana Akhtar and Evan Johnston,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

This petition for review presents a different shade of a question we have previously considered: when does a trial court have discretion to deny a motion to file a late summary judgment response? The trial court in this case denied a motion to file a response tendered one day late despite an attorney's affidavit stating that the late filing was the result of a simple calendaring error. We hold that doing so was an abuse of discretion.

**I**

Georgia Verhalen and her mother, Cindy, sued Adriana Akhtar and Evan Johnston for various forms of negligence based on a head injury Georgia suffered while she was with Johnston and in the care of Akhtar. Johnston filed a no-evidence motion for summary judgment and set a hearing for October 5, 2022, making the deadline to file a response September 28. Akhtar also filed a combined traditional and no-evidence motion for summary judgment and set a hearing for October 12, making the deadline to file a response October 6. Then, on September 28 (the day the first response was originally due), Johnston and Akhtar filed amended notices resetting both motions to be heard in a single hearing on October 12, resulting in a new combined response deadline of October 5.

The Verhalens did not file their combined responses to each defendant's motion until 11:48 p.m. on October 6. With the responses, they filed a motion to exceed the trial court's page limit, along with a verified motion for leave to file the responses late. In the motion for leave, the Verhalens asserted that the "failure to timely respond was caused by a calendaring issue when the hearings were rescheduled in the case management software used by Plaintiffs' counsel." The Verhalens also asserted that granting leave would not delay the proceedings or cause prejudice because the evidence offered with the responses had previously been produced in discovery, and because courtesy copies of the responses were provided to the defendants on October 6. The motion for leave was accompanied by an affidavit from counsel at one of the two firms representing the Verhalens, who testified

that "[d]ue to an inadvertent calendaring error, the deadline . . . did not appear on the firm's company calendar. This was a mere mistake and not the result of conscious indifference." Counsel also swore in the affidavit that she "immediately prepared the responses" when the "oversight became known."

The trial court's clerk rejected the filings the next morning because they exceeded the court's page limit. The Verhalens filed a new motion for leave to file late that did not have the summary judgment responses attached and thus comported with the page limit.

The trial court heard argument on the motion for leave at the summary judgment hearing on October 12. The court denied the motion for leave, noting that "we kind of do have a reputation around here for being sticklers for the rules," and that this result was the "tragic magic" of summary judgment practice in Texas. The court went on to grant both motions for summary judgment, awarding take-nothing judgments to both defendants. The Verhalens filed a motion for new trial, which was denied by operation of law.

The Verhalens appealed, arguing that the trial court abused its discretion by refusing to allow them to file late responses to the motions for summary judgment. The court of appeals affirmed, holding that the Verhalens did not provide even a slight excuse for the delay in filing the responses. *See* ___ S.W.3d ___, 2023 WL 5969084, at *3-4 (Tex. App.—Dallas Sept. 14, 2023). The court emphasized that counsel provided no evidence that the hearing was not in the firm's calendar, which would have made her aware when the responses were actually due. The court also pointed out that the Verhalens did not move for a continuance until

3

the hearing, though they would have known one was required as soon as they recognized the missed deadline. Finally, the court held that the Verhalens failed to show that allowing them to file the responses late would not cause prejudice or delay.

## II

We review a trial court's denial of a motion to file a late summary judgment response for abuse of discretion. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 684 (Tex. 2002). "A trial court abuses its discretion by acting arbitrarily and unreasonably or misapplying the law to the established facts of the case." *Huynh v. Blanchard*, 694 S.W.3d 648, 674 (Tex. 2024).

We previously considered this issue in *Carpenter v. Cimarron Hydrocarbons Corporation*. There, a plaintiff failed to respond timely to a motion for summary judgment, and the trial court denied the plaintiff's motion for leave to file a late response. 98 S.W.3d at 684-85. This Court ultimately affirmed the denial, clarifying that the "good cause" standard applied. *Id.* at 684. We held that a motion for leave "should be granted when the nonmovant demonstrates good cause" by showing that (1) "the failure to timely respond . . . was not intentional or the result of conscious indifference, but the result of an accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id.*

Applying that standard, we held the trial court did not abuse its discretion in finding the first element unmet because the motion for leave to file a late response "offered no explanation for [the] failure to timely respond, nor was it accompanied by any supporting affidavits or

4

other evidence." *Id.* at 688. Then, at the hearing on the motion for summary judgment, counsel offered only the "bare assertion that he had miscalendared the . . . hearing." *Id.* "It was only after the hearing that [counsel] investigated and learned the sequence of events that caused the filing deadline to pass," *id.*, and he did not reveal the results of that investigation until the hearing on the motion for new trial. *Id.* at 684.

In contrast, the Verhalens' counsel established both requirements of good cause here. First, she demonstrated that she did not act with intention or conscious indifference in missing the filing deadline. Rather, she promptly investigated, took responsibility for the mistake, and took the initiative to correct it, tendering both the summary judgment response and a motion for leave with an affidavit explaining the delay within twenty-four hours of the deadline. The motion and her affidavit explained that the deadline to respond to the motion for summary judgment did not appear on the firm's calendar due to an inadvertent error arising when the rescheduled hearing date was recorded in counsel's case management software, and that she acted to prepare and submit responses as soon as the error was discovered. Thus, unlike in *Carpenter*, counsel promptly investigated and explained the sequence of events that caused the deadline to be missed. Her factual assertions, which were not controverted, reveal a lack of intentional or consciously indifferent conduct. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2013).

Second, it was apparent at the hearing that Akhtar and Johnston would face only minimal (if any) prejudice should the court consider the Verhalens' responses. When the motion to file the responses late was

filed, Akhtar and Johnston had at least five days[1]—only two days fewer than if the filing had been timely—to consider the responses, prepare for the hearing, and file replies. Furthermore, neither Akhtar nor Johnston filed a response in opposition to Verhalen's motion for leave to file the responses late, and neither asserted prejudice at the summary judgment hearing.

The key facts here thus contrast sharply with those in *Carpenter*, where the attorney did not file a motion to submit a late response until the day of the hearing, neither provided an affidavit nor explained at the hearing his failure to timely respond, and gave the defendants no chance to see the response before the hearing. *See* 98 S.W.3d at 684-85. Moreover, the court of appeals placed too much weight on the failure of the Verhalens' counsel to seek a continuance until the hearing. Requesting a continuance is not an element of the good-cause standard we articulated in *Carpenter*. *Id.* at 688. And a continuance is unnecessary when, as here, a response is filed only one day late and the moving parties are unlikely to face any real prejudice as a result.

---

[1] Although the Verhalens assert that they provided the responses to the defendants when they originally submitted the motion to file the responses late, Akhtar and Johnston respond that the responses were not attached to the motion that was ultimately accepted for filing, so the trial court could have determined that the hearing was the first opportunity for Akhtar and Johnston to see the responses. But neither Akhtar nor Johnston protested when the Verhalens asserted at the hearing that they provided defendants with copies of the responses on October 6. Even now, neither Akhtar nor Johnston actually denies that they were provided the responses when the Verhalens originally submitted the motion for leave.

## III

Akhtar[2] also argues that even if one of the law firms representing the Verhalens demonstrated good cause, the other firm did not. Akhtar emphasizes that both firms received notice of all the hearings and deadlines but the Verhalens never even argued that the other firm had good cause to file the responses late. Akhtar points to analogous cases in other jurisdictions holding that one lawyer's excusable neglect is not enough when another lawyer representing the same party could have made the response. *See Brouillard v. Allen*, 619 A.2d 988, 990 (Me. 1993); *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962).

We have never squarely addressed this question, and we need not provide a comprehensive answer today. But we recently rejected the notion that an attorney's mere appearance on the signature line of a pleading demonstrates that attorney's active involvement in the case. *See generally In re AutoZoners, LLC*, 694 S.W.3d 219 (Tex. 2024). Here, the motion for leave and counsel's affidavit showed that her firm was responsible for preparing the Verhalens' response and explained its failure to do so timely, and indeed the firm took responsibility by tendering the response promptly when the error became known. These uncontroverted facts confirm that the Verhalens demonstrated good cause to file an untimely response.

## IV

When a litigant demonstrates good cause to file a late response to a motion for summary judgment, the trial court must allow the filing.

---

[2] Johnston did not raise this argument in her briefing.

We hold that when, as here, a litigant shares the response with the opposing party one day after the response deadline, files an affidavit explaining that the late filing was the result of a mere mistake, and no prejudice will result to the opposing party, the denial of that motion is an abuse of discretion. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for further proceedings. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** October 4, 2024