Helene P. PIERRE et al., Plaintiffs-Appellants,

v.

Frank M. JORDAN, Secretary of State of California, et al., Defendants-Appellees.

No. 19012.

United States Court of Appeals
Ninth Circuit.

June 9, 1964.

Rehearing Denied Aug. 5, 1964.

Helene P. Pierre, Los Angeles, Cal., in pro. per., for appellants.

Stanley Mosk, Atty. Gen. of California, Burton J. Gindler and A. Wallace Tashima, Deputy Attys. Gen. of California, Los Angeles, Cal., Harold W. Kennedy, County Counsel for Los Angeles County, Cal., Gordon W. Treharne, Deputy County Counsel for Los Angeles County, Cal., Los Angeles, Cal., for appellees.

Before BARNES, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

This action was brought to obtain declaratory and injunctive relief which would forestall the formation and financing of Los Angeles County Waterworks District No. 37, located in Antelope Valley in the vicinity of Acton, California. The plaintiff, Helene P. Pierre, who appears throughout *in propria persona*, is a resident of Acton and owns property which would be within the proposed district and on which there is ground water which might be taken for district purposes. She brought the suit as a class action on behalf of herself and approximately three hundred other property owners similarly situated.

Named as defendants were three officials of the State of California,[1] twelve officials of Los Angeles County,[2] twenty-four individuals who were alleged to be engaged in the real estate business, or as promoters, or as both, and two real estate companies.

In her complaint Mrs. Pierre relied upon several provisions of the Civil

---

1. Frank M. Jordan, Secretary of State, Edmund G. Brown, Governor, and Stanley Mosk, Attorney General.

2. Benjamin S. Hite, Registrar of Voters, Warren M. Dorn, Frank G. Bonelli, Kenneth Hahn, Ernest E. Debs and Burton W. Chase, members of the Board of Supervisors, Gordon T. Nesvig, Clerk of the Board of Supervisors, John A. Lambie, County Engineer, James T. Rostron, Division Engineer, Kenneth R. Putnam, Supervising Civil Engineer, Phillip E. Watson, Tax Assessor, and Harold J. Ostley, Tax Collector.

Rights Act,[3] the Declaratory Judgment Act,[4] and the Three-Judge Court Act,[5] as bases for district court jurisdiction.

After filing the complaint Mrs. Pierre applied for a temporary restraining order to enjoin one of the defendants, Benjamin S. Hite, Registrar of Voters, from holding a scheduled special election to vote on a proposed bond issue for District No. 37. At the same time she moved for the convening of a three-judge district court pursuant to 28 U.S.C. § 2281 et seq.

After a hearing the district court denied the application for a temporary restraining order. It was provided in the order of denial, however, that if the outcome of the election authorized the issuance of the bonds, the court would entertain a motion by plaintiff to restrain the issuance of the bonds until there had been a hearing on whether a three-judge court should be convened " * * * to test the constitutionality of California Government Code, Sec. 6066."

At the special election a majority voted in favor of issuance of the bonds. Mrs. Pierre then applied for a temporary restraining order to enjoin issuance of the bonds so authorized pending the convening of a three-judge district court. Before a hearing could be held on that application the defendant state and county officials moved to dismiss the action for failure to state a claim against them upon which relief can be granted, and for lack of jurisdiction " * * * because no substantial federal question is involved."

All of these motions came on for hearing at the same time and thereafter, on August 30, 1963, an order was entered dismissing the action for lack of jurisdiction over the subject matter. In the

same order the temporary restraining order was vacated. Plaintiff's motion to convene a three-judge court was not specifically acted upon, but dismissal of the action constituted denial of that motion.

On September 10, 1963, Mrs. Pierre moved to vacate and set aside the order of dismissal, and to reinstate the action. In a supporting memorandum, she for the first time suggested, as an additional basis of district court jurisdiction, federal-question jurisdiction pursuant to 28 U.S.C. § 1331 (1958).[6] Notice of these motions was served by being placed in the mail on September 12, 1963. On September 27, 1963, an order was entered denying the motion to vacate and set aside the order of dismissal, it being recited that the court did not have jurisdiction over either the parties or the subject matter.

On October 7, 1963, Mrs. Pierre filed a notice of appeal from the order of dismissal entered on August 30, 1963, and from the order entered on September 27, 1963 denying her motion to vacate and set aside the order of dismissal.

After the appeal had been argued and submitted in this court we raised the questions of whether the appeal from the order of August 30, 1963 should be dismissed on the ground that it is not timely, and whether the order of September 27, 1963, denying the motion to vacate and set aside the order of dismissal, should be affirmed on the ground that this motion was not timely. At our request the parties submitted supplemental briefs on these questions.

We consider first the questions raised on our own motion.

It is provided in Rule 73(a), Federal Rules of Civil Procedure, that the time within which an appeal may be taken

---

3. The provisions of the Civil Rights Acts relied upon are 28 U.S.C. § 1343(3) (1958) and Rev.Stat. §§ 1979 and 722 (1875), 42 U.S.C. §§ 1983 and 1988 (1958).

4. 28 U.S.C. §§ 2201 and 2202 (1958).

5. 28 U.S.C. § 2281 (1958) et seq.

6. In this memorandum, Mrs. Pierre also suggested that there was jurisdiction because of diversity of citizenship. See 28 U.S.C. § 1332. In her opening brief in this court, however, she disclaims diversity jurisdiction, and, in any event, under the allegations of the complaint, diversity of citizenship in the sense referred to in section 1332 did not exist.

shall be thirty days from the entry of the judgment appealed from, with exceptions not here material. The notice of appeal herein was not filed within thirty days from the entry of the order of August 30, 1963.

But Rule 73(a) further provides that the running of the time for appeal is terminated by a timely motion under Rule 50(b) for judgment notwithstanding the verdict, under Rule 52(b) to amend or make additional findings of fact, under Rule 59 to alter or amend the judgment, or under Rule 59 for a new trial. When the time for appeal is so terminated, the full time for appeal commences to run from the entry of an order granting or denying any of the first three kinds of motions; or from the entry of an order denying the fourth kind of motion.

Mrs. Pierre's motion to vacate and set aside the order of dismissal was, in effect, a motion under Rule 59 to alter or amend the judgment. Walker v. Bank of America, 9 Cir., 268 F.2d 16, 20. It was therefore the kind of motion which, under Rule 73(a), terminated the running of the time for appeal, providing the motion was "timely."

Rule 59(e) provides that a motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment. Mrs. Pierre's motion to vacate and set aside the order of dismissal was not served until September 12, 1963, when it was mailed to counsel for defendants. As this was the thirteenth day after entry of the order of dismissal on August 30, 1963, the motion was not, strictly speaking, timely.

But the motion was treated in the district court as timely, and was dealt with on the merits. Defendants filed a memorandum in opposition to the motion, dealing with the merits and making no contention that the motion was untimely. The district court denied the motion, not because it was untimely, but because " * * * this Court does not have jurisdiction over either the parties or the subject matter. * * * "[7] Had Mrs. Pierre, a layman, been made aware at the time her motion to vacate and set aside was denied, on September 27, 1963, that the motion was untimely, and therefore could not terminate the running of the time for appeal, as provided in Rule 73(a), she still would have had two days in which to file a timely notice of appeal from the order of August 30, 1963.

Under the stated facts we are of the view that Mrs. Pierre was entitled to conclude that the district court regarded the motion as timely, to be dealt with on the merits. This being the case, unique circumstances exist requiring that her motion be regarded as timely and as effectively terminating the running of the time for appeal. See Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404. Since the notice of appeal was filed within thirty days after denial of the motion to vacate and set aside, it was timely both as to that order and as to the order of August 30, 1963.

Turning to the specifications of error, Mrs. Pierre first argues that the district court was without power to dismiss the action for lack of jurisdiction, because this was a matter which should have been passed upon by a three-judge district court convened under 28 U.S.C. § 2281 et seq. Under that statute a three-judge court is to be convened only where the constitutionality of a state statute is brought into question.[8]

---

7. Since the original order of dismissal was predicated only on lack of jurisdiction over the subject matter the recital, in the order denying the motion to vacate and set aside, of the additional ground of lack of jurisdiction over the person, indicates that the motion to vacate and set aside was considered on the merits and was not denied as untimely.

8. Section 2281 reads:
   "§ 2281. Injunction against enforcement of State statute; three-judge court required
   "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement

In the complaint the constitutionality of two statutes of the State of California are questioned. One of these is California Water Code, § 55103, which provides that the petition for the formation of a county waterworks district shall be presented at a regular meeting of the board of supervisors " * * * and shall be signed by not less than 25 percent of the freeholders resident within the proposed district, or by not less than 25 percent of the freeholders resident and nonresident within the proposed district, including not less than 15 percent of such resident freeholders."

The other statute challenged in the complaint on constitutional grounds is California Water Code, § 55180, which provides that the board of supervisors shall, by ordinance or resolution, adopted at a regular or special meeting after having acquired jurisdiction to proceed in the formation of a district, provide for and order the holding of a special election in the proposed district. The purpose of such an election, according to this statute, is to submit to the qualified voters of the proposed district the proposition of forming the district and incurring a debt by the issuance of bonds of the district, if a bonded indebtedness is to be incurred.

■ In its order of July 29, 1963, denying the application for a temporary restraining order to enjoin the special election, the district court indicated that it would entertain a motion by Mrs. Pierre to restrain issuance of the bonds until there has been a hearing on whether a three-judge court should be convened to test the constitutionality of California Government Code § 6066. This is a general statute providing the manner in which "publication of notice" is to be made where publication for two weeks is called for.[9] We will deem the complaint to be amended to add section 6066 as an additional state statute questioned on constitutional grounds.

■ In Mrs. Pierre's opening brief on appeal, she levels a constitutional challenge against five additional state statutes.[10] We will regard the complaint as amended to add these as additional statutes challenged for constitutionality.

■ Section 2281, requiring three-judge district courts in certain cases, does not apply where, although the constitutionality of a statute is challenged, the defendants are local officers and the suit involves matters of interest only to a particular municipality or district. Ex parte Collins, 277 U.S. 565, 568, 48 S. Ct. 585, 72 L.Ed. 990.

■■ This suit involves matters of interest only to those directly affected by District No. 37. All of the official defendants are local officers except three, who are state officers. But of these three, injunctive relief is sought only against one, namely, Frank M. Jordan,

---

or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

9. Section 6066 reads:
   "§ 6066. Two weeks
   "Publication of notice pursuant to this section shall be once a week for two successive weeks. Two publications in a newspaper published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences upon the first day of publication and terminates at the end of the fourteenth day, including therein the first day."

10. These statutes, all having to do with the formation and financing of county waterworks districts, are California Water Code, § 55133, relating to publication of notice; § 55152, relating to board action on petitions and protests; § 55184, relating to publication and posting of ordinances or resolutions ordering the holding of special elections; § 55186, providing for the formation of a district and the issuance of bonds if there is a majority favorable vote; and § 55187, providing for the mailing of notices and the validation of past acts and proceedings.

Secretary of State of California. As to him, the complaint does not even formally allege a basis for equitable relief, for it is not alleged that he has had anything to do with the formation and financing of that district. The single district judge was empowered to so determine (Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794), and such a determination inheres in the judgment rendered.

The result of such determination is to leave the local officers as the only official defendants against which equitable relief involving the constitutionality of the statute is sought in connection with matters of only local interest. It follows that, under the rule of Ex parte Collins, referred to above, section 2281 does not apply and the district judge was not required to convene a three-judge court.

Mrs. Pierre next contends that the district court erred in determining that it did not have jurisdiction over the subject matter and in dismissing the action on that ground. As before stated, she relies on several statutes in asserting that the district court had jurisdiction over the subject matter. First, and pri-

marily, she relies upon various provisions of the Civil Rights Acts, namely, 28 U.S.C. § 1343(3), and Rev.Stat. §§ 1979 and 722 (42 U.S.C. §§ 1983 and 1988).

Her prime objective in bringing the suit is to undo the purported formation of District No. 37, including the plan to finance the project through the issuance of bonds. In her effort to accomplish this she has, as stated above, alleged that certain state statutes governing the manner in which such districts are to be formed, are violative of the Due Process Clause of the Fourteenth Amendment. She has also alleged that in various particulars not involving the validity of state statutes she, and those whom she undertakes to represent in this suit, have been deprived of their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[11] As before indicated, however, the prime purpose of the suit is not to redress these asserted constitutional deprivations *per se* but, on these and other grounds,[12] to put the waterworks district out of business.

The purpose of 28 U.S.C. § 1343(3), Rev.Stat. § 1979, and Rev.Stat.

---

11. It is alleged, for example, that: Mrs. Pierre and those similarly situated were unfairly treated and were denied the right to speak at hearings which were held; the notices of hearing were inadequate as to time; there was defective and inadequate posting and publication of the notice of election; the protests of riparian property owners were incorrectly counted and reported, this constituting discrimination; false statements were made at the hearing by public officials; the effect of the formation of the district and the issuance of the bonds will be to take or destroy private property for the benefit of private persons; the financing plan constitutes an assessment on property incapable of benefiting from the assessment; some non-property owners were allowed to vote at the election, and some property owners were not permitted to vote.

12. The complaint challenges the formation and financing of the district on many grounds having no clear relationship to constitutional issues. For example, it is alleged that: persons favoring the proj-

ect made false statements at a hearing; real estate promoters engaged in improper action in developing subdivisions; some persons signed the petition three or four times; those who circulated the petitions misrepresented the facts; if the proposed system were installed there would never be enough subscribers to pay for the maintenance; the county engineer's office made surveys on posted private property without permission; the petitions contained false statements; while an official letter stated that water service will begin with sixty customers this will not be possible; while an official letter stated that the pipelines will be 9.47 miles long, a measurement shows that they will exceed twelve miles; the board of supervisors refused to put the matter off calendar, and denied all protests; the proposed waterworks would overdraw the "Acton aquifiers" and they could not be replenished; the district was deliberately designed to take in the well of one riparian owner and leave his home out of the district, so he could not vote.

§ 722, is to provide a means of obtaining effective redress in the federal courts against those who, acting under color of state law have subjected, or have caused to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. But these statutes contemplate that the prime objective of the federal suit is to redress such rights. Where there is some other principal objective of the litigation, and the deprivation of constitutional rights is asserted only as a means of achieving that objective, the subject matter is not cognizable under the Civil Rights Act, and district court jurisdiction thereunder is lacking.

Mrs. Pierre calls attention to Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255, in which it was held that, under the circumstances of that case, the newspaper publications and posted notices did not measure up to the quality of notice which the Due Process Clause of the Fourteenth Amendment requires.

Schroeder, however, was not a case arising under the Civil Rights Acts. Proceeding in the state courts of New York, the plaintiff sued the city for damages for taking his water right, asserting that he was not accorded notice sufficient to constitute due process of law under the Fourteenth Amendment. He lost in the state courts and took an appeal to the United States Supreme Court from the Court of Appeals of New York.

Mrs. Pierre could have followed such a course here, and perhaps can still do so.[13] But she cannot make a Civil Rights case out of her challenge to the validity of the formation and financing of a water district, merely because some of her grounds for such a challenge are based on the federal Constitution.

A third provision of the Civil Rights Act relied upon by Mrs. Pierre, i. e., Rev.Stat. § 722 (42 U.S.C. § 1988), pertains not to subject-matter jurisdiction, but to the forms of process and the scope of remedy. See Schatte v. International Alliance of Theatrical Stage Employees & Moving Picture Operators, S.D.Cal., 70 F.Supp. 1008, 1010, aff'd 9 Cir., 165 F.2d 216. Cf. Pritchard v. Smith, 8 Cir., 289 F.2d 153, 157, 88 A.L.R.2d 1146.

Mrs. Pierre also relies upon 28 U.S.C. § 1331 as a source of subject-matter jurisdiction. This section provides that district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of ten thousand dollars, exclusive of interest and costs, " * * * and arises under the Constitution, laws, or treaties of the United States."

There are general allegations in the complaint to the effect that Mrs. Pierre's property, and that of others whom she undertakes to represent, is being taken without due process of law. But other allegations of the complaint make it plain that, up to the time this suit was instituted, neither District No. 37, nor anyone acting in its behalf, had taken or threatened to take any private property.[14]

All other constitutional questions sought to be raised are incidental to the purpose of setting aside the formation of the water district, this constituting the gist of the action. So understood, the case cannot be said to "arise" under the Constitution of the United States. The fact that it may be necessary in the course of the litigation to construe or apply provisions of the Constitution is not sufficient to give application to 28 U.S.C. § 1331.

13. For example, see Tarpey v. McClure, 190 Cal. 593, 213 P. 983.

14. We need not decide whether Mrs. Pierre could have predicated jurisdiction under

section 1331 upon effective allegations to the effect that private property was being taken without due process of law. But see Mosher v. Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148.

See Walker v. Bank of America, 9 Cir., 268 F.2d 16, 23.[15]

The only other source of subject-matter jurisdiction relied upon by Mrs. Pierre, is the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. But this Act is not intended to confer jurisdiction where none exists. Stafford v. Superior Court, 9 Cir., 272 F.2d 407, 409.

The judgment is affirmed.

15. It is also doubtful, on these pleadings, whether there is any dispute between the parties as to the meaning of any provision of the Constitution or law of the United States. this being essential to federal-question jurisdiction. See Beistline v. City of San Diego, 9 Cir., 256 F.2d 421, 425; Marshall v. Desert Properties Co., 9 Cir., 103 F.2d 551, 552.