John JOHNSON, Plaintiff,

v.

Medical Staff Supervisor, Warrent MAR-
TON, Green Haven Correctional Facil-
ity, Stormville, N. Y., and the doctors
of the staff, John L. Zelker, Superin-
tendant of Green Haven Correctional
Facility, Stormville, N. Y., Commission-
er of New York State Correctional In-
stitutions, Albany, N. Y., Defendants.

No. 71 Civ. 2806.

United States District Court,
S. D. New York.

Jan. 19, 1972.

John Johnson, pro se.

Louis J. Lefkowitz, Atty. Gen. of
State of New York, by Ilene J. Slater,
Asst. Atty. Gen., New York City, for de-
fendants.

MEMORANDUM OPINION

PIERCE, District Judge.

██ Plaintiff claims that he has been
denied medical treatment for ailments in
his back, chest and foot while incarcer-
ated at Green Haven Correctional Facili-
ty. He asserts that his rights under the
Eighth and Fourteenth Amendments [1]
have been violated and he seeks damages
of $150,000 under 42 U.S.C. §§ 1983,
1988 (1970 ed.).[2]

I. He alleges that his rights under the
Fourth and Sixth Amendments have also
been infringed, but the Court cannot as-
certain how these provisions are rele-
vant to this action.

2. 42 U.S.C. § 1988 (1970 ed.) is not rele-
vant to the determination of this motion to
dismiss and therefore will not be discussed
further. This section relates to the ques-
tion of damages once the substance of a

■ Defendants have moved to dismiss the complaint, pursuant to Rule 12(b) of the Fed.R.Civ.P., on the grounds that plaintiff has failed to state a claim upon which relief can be granted.[3] In support of their motion they have submitted Exhibit A, a memorandum written on Green Haven letterhead stationery and signed by a physician. This memorandum indicates that plaintiff had visited the prison clinic 30 times between his arrival on July 28, 1970 and July 15, 1971. It further states that plaintiff's chest was subjected to x-rays but no disorder was found. Similarly, x-rays of plaintiff's back revealed no abnormal condition, although he was treated effectively for apparent back pains. At no point does the memorandum advert to plaintiff's complaint about an injury to his left foot.

■ The Court may grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Second Circuit has held that an allegation of improper medical treatment states a cognizable claim under 42 U.S.C. § 1983 when the conduct complained of can properly be characterized as a "barbarous act" which "shocks the conscience." United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970) [hereinafter Hyde v. McGinnis] ; Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969). Apparently wilful refusal to treat an ailment which results in considerable pain and suffering may provide a basis for relief. McCabe v. Nassau County Medical Center, 453 F.2d 698 (2d Cir. 1971) ; Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970) ; Hyde v. McGinnis, *supra,* 429 F.2d at 867; Church v. Hegstrom, *supra,* 416 F.2d at 451. Allegations of negligence alone are insufficient. Hyde v. McGinnis, *supra,* 429 F.2d at 866; Church v. Hegstrom, *supra,* 416 F.2d at 451. An inmate's disagreement with the treatment administered by a prison physican is likewise insufficient. Hyde v. McGinnis, *supra,* 429 F.2d at 867–868.

■ On the present state of the record the Court must deny defendants' motion for two reasons. First, Exhibit A is a copy of a memorandum, on Green Haven letterhead stationery, from an unidentified physician to the prison Head Clerk. While Exhibit A purports to reflect plaintiff's medical history at the prison, no indication can be found thereon that the physician is related to the prison staff or that he had access to prison medical records. The Court is bound to construe the complaint liberally in favor of this *pro se* plaintiff. In the absence of sworn refutation, it is within the Court's discretion to allow for the possibility that the "undue suffering" assertedly endured by plaintiff reflects considerable pain and suffering as a result of his back, chest and foot ailments, albeit inartfully expressed. Thus the complaint might state a sufficient claim under the cases cited above.

Moreover, if Exhibit A were in fact a sworn statement the foot injury raises an issue which would bar dismissal of the suit. To the extent that plaintiff continues to complain about his back and

civil rights violation has been established. See Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 235–236, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) ; Basista v. Weir, 340 F.2d 74, 84–88 (3d Cir. 1965) ; Pierre v. Jordan, 333 F.2d 951, 958 (9th Cir. 1964) ; Brazier v. Cherry, 293 F.2d 401, 405–410 (5th Cir. 1961) ; Pritchard v. Smith, 289 F.2d 153, 157–159 (8th Cir. 1961).

3. Defendants also suggest that plaintiff's complaint should be dismissed because it sets out only vague and conclusory statements. Defendants cite Davenport v. Berman, 420 F.2d 294 (2d Cir. 1969) and Powell v. Workmen's Compensation Board, 327 F.2d 131 (2d Cir. 1964) to support their brief argument on this point. The Court finds no merit in this position. *Pro se* complaints must be construed liberally.

chest ailments, despite the attention he received, he alleges only a disagreement with the prison physician concerning treatment. As such, these aspects of his complaint are insufficient. However, nowhere in Exhibit A is reference made to a foot injury. Thus it is at least possible that the medical staff wilfully refused plaintiff treatment for his alleged injury and there is no suggestion to the contrary presently before the Court. Again allowing for plaintiff's inartful expression, it is possible that he may be enduring considerable pain and suffering as a result of his alleged foot injury. If so, plaintiff might be able to recover under the cases cited above.

The motion to dismiss is denied without prejudice to renew upon submission of proper papers.

So ordered.