**TODD SHIPYARDS CORPORATION, a corporation, Plaintiff,**

v.

**MARINE VESSEL LEASING CORPORATION, a corporation, et al., Defendants.**

Civ. A. No. CV 78–0583–AAH.

United States District Court,
C. D. California.

Sept. 8, 1978.

See also D.C., 456 F.Supp. 1378.

---

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

HAUK, District Judge.

The private defendants' motions to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure came on for hearing on August 28, 1978, before the Honorable A. Andrew Hauk, United States District Judge. Herbert L. Fenster, Joe G. Hollingsworth, and Jed L. Babbin of Sellers, Conner & Cuneo, and Nowland C. Hong and Richard A. Clark of Parker, Milliken, Clark & O'Hara appeared as counsel for plaintiff. Oliver F. Green, Jr., of Paul, Hastings, Janofsky & Walker and Grant B. Hering of Cadwalader, Wick-

**1386**

ersham & Taft appeared as counsel for defendants Marine Vessel Leasing Corporation and Irving Trust Company. Marcy Tiffany of Sheppard, Mullin, Richter & Hampton appeared as counsel for defendant American Road Equity Corporation, an equity participant. George J. Wade of Shearman & Sterling, and Dennis E. Kinnaird of Munger, Tolles & Rickershauser appeared as counsel for defendants Citicorp Leasing, Inc., and the other equity participants. Norbert A. Schlei of Hughes, Hubbard & Reed appeared as counsel for defendant Marine Transport Lines, Inc. Mark S. Evens, of the Department of Justice, appeared as counsel for defendant Secretary of the Navy. Also present was Dudley J. Clapp, Jr., General Counsel, Military Sealift Command, Department of the Navy. Oliver F. Green, Jr., of Paul, Hastings, Janofsky & Walker also appeared as counsel for defendants Manufacturers Hanover Trust Company and the bond purchasers. The Court having considered all of the pleadings, memoranda, affidavits, and exhibits submitted by all of the parties, and evidence by affidavits and exhibits having been submitted by all parties and received by the Court, the Court treats the private defendants' motions as motions for summary judgment and disposes of said motions as provided in Rule 56 of the Federal Rules of Civil Procedure. The Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff Todd Shipyards Corporation ("Todd") is a New York corporation with its principal place of business in New York, New York.

2. Defendant Marine Vessel Leasing Corporation ("Marine Vessel") is a Delaware corporation with its principal place of business in Wilmington, Delaware.

3. Defendant Marine Transport Lines, Inc. ("MTL") is a Delaware corporation with its principal place of business in New York, New York.

4. Defendant Irving Trust Company ("Irving Trust") is a New York corporation with its principal place of business in New York, New York. Irving Trust is Owner Trustee for a group of 14 financing institutions ("Equity Participants"), all of which are defendants herein.

5. Defendant Citicorp Leasing, Inc. ("Citicorp") is a Delaware corporation with its principal place of business in New York, New York.

6. Defendant Manufacturers Hanover Trust Company ("Manufacturers Hanover") is a New York corporation with its principal place of business in New York, New York. Manufacturers Hanover is Indenture Trustee for a group of financing institutions ("Bond Purchasers"), many of which are defendants herein.

7. Several of the defendant Bond Purchasers, including The Bowery Savings Bank and The New York Bank for Savings, are New York corporations with their principal places of business in New York, New York.

8. Defendant Manufacturers National Bank of Detroit is a national bank with its principal office in Detroit, Michigan, and has no branch in California.

9. Defendant The Third National Bank and Trust Company of Dayton, Ohio is a national bank with its principal office in Dayton, Ohio, and has no branch in California.

10. Defendant First Alabama Bank of Montgomery, N.A. is a national bank with its principal office in Montgomery, Alabama and has no branch in California.

11. Defendant The Ohio National Bank of Columbus is a national bank with its principal office in Columbus, Ohio, and has no branch in California.

12. Defendant South Carolina National Bank is a national bank with its principal office in Columbia, South Carolina and has no branch in California.

13. Defendant Virginia National Bank is a national bank with its principal office in Norfolk, Virginia, and has no branch in California.

14. Defendant First National Bank in Dallas is a national bank with its principal office in Dallas, Texas, and has no branch in California.

15. Defendant First National Bank of Minneapolis is a national bank with its principal office in Minneapolis, Minnesota, and has no branch in California.

16. Defendant Continental Illinois National Bank and Trust Company of Chicago is a national bank with its principal office in Chicago, Illinois, and has no branch in California.

17. Todd and Marine Vessel entered into four identical, written construction contracts ("Construction Contracts") dated as of June 20, 1972 for the construction by Todd of four 25,000 DWT oil tankers. Each of the Construction Contracts contains a broad arbitration agreement in Article XXVIII thereof that "any dispute, disagreement or difference of opinion between Builder [Todd] and Owner [Marine Vessel] arising out of this Contract shall be subject to arbitration. . . ." The arbitration agreements also provide that "any such arbitration shall be conducted in New York, New York in accordance with the laws of the State of New York and the rules of the American Arbitration Association or such other rules as the arbitrators may decide to follow."

18. Also as of June 20, 1972, Marine Vessel and the United States executed the following documents:

a) an Agreement to Construct and Let, in which Marine Vessel undertook to

1) contract for the construction of the four tankers,

2) arrange construction supervisory services for the tankers,

3) charter the tankers to the United States upon their delivery to Marine Vessel, and

4) arrange interim and long-term financing for the construction of the tankers; and

b) for each of the tankers, a Demise Charter between Marine Vessel, as owner, and the United States, as charterer.

19. Marine Vessel issued 7⅞% First Preferred Fleet Mortgage Bonds, Series A, to the Bond Purchasers to refinance a portion of the loans theretofore used to pay for the construction of the tankers. These bonds were certificates of indebtedness issued by a private party; they were not bonds required by a federal law to be given by a private party as security. Todd never acquired any interest in the bonds and never had any connection with the bonds.

20. At the delivery of each tanker, Todd executed and delivered a "Certificate of No Liens or Rights In Rem and Release" which provides, *inter alia,* that "the Vessel is free and clear of any and all Encumbrances in favor of the Builder [Todd], and the Builder hereby expressly waives any and all such Encumbrances. . . ."

21. Shortly prior to and again subsequent to the delivery of each tanker, Todd asserted claims for additional compensation against Marine Vessel arising out of the Construction Contracts. Pursuant to Article XXVIII of the Construction Contracts, Marine Vessel commenced arbitration of all disputes between Marine Vessel and Todd arising out of the Construction Contracts by serving on Todd a written Notice of Intention to Arbitrate dated March 18, 1977.

22. On April 8, 1977, Todd brought a summary proceeding in the New York Supreme Court to stay the arbitration commenced by Marine Vessel. On August 23, 1977, and September 20, 1977, the New York court entered orders compelling Todd to arbitrate Marine Vessel's claims against Todd, and upon its memorandum decision of April 5, 1978, on April 25, 1978 the New York court entered an order upholding its subject matter jurisdiction and the validity of the arbitration agreements and compelling Todd to arbitrate its claims against Marine Vessel.

23. After initiating its New York Supreme Court proceeding against Marine Vessel, Todd commenced this action against Marine Vessel and 38 other defendants in the Central District of California on February 10, 1978. The 38 additional defendants

are Citicorp Leasing, Inc., Marine Vessel's financing institutions (Irving Trust, the Equity Participants, Manufacturers Hanover and the Bond Purchasers), Marine Vessel's customer, the Navy, and Marine Vessel's construction supervisor, MTL.

24. Todd's claims against the private defendants are as follows:

    A. <u>Five Counts against Marine Vessel</u>

    1) <u>Count I</u> is for damages for breaches of the Construction Contracts;

    2) <u>Count XII</u> is for rescission of the Construction Contracts based on alleged misrepresentations prior to entering into the contracts, and for damages in quantum meruit;

    3) <u>Count XIII</u> is for rescission of the Construction Contracts based on alleged misrepresentations prior to entering into the contracts, and for damages in quantum meruit;

    4) <u>Count XVI</u> is for declaratory judgment that the arbitration agreements between Todd and Marine Vessel are void;

    5) <u>Count XVII</u> is for declaratory judgment that the New York Supreme Court's orders of August 23, 1977 and September 20, 1977 are void because that court lacked subject matter jurisdiction.

    B. <u>Two Counts against MTL</u>

    1) <u>Count II</u> is for damages for breaches of the Construction Contracts based on MTL's alleged responsibility for the breaches of Marine Vessel alleged in Count I.

    2) <u>Count III</u> is for damages against MTL and Citicorp for breaches of the Construction Contracts based on acts alleged in Count I, and for reformation to substitute MTL and Citicorp as parties to the Construction Contracts.

    C. <u>One Count against Citicorp</u>

    1) <u>Count III</u> is against Citicorp and MTL jointly, as described immediately above.

    D. <u>One Count against Manufacturers Hanover and the Bond Purchasers</u>

    1) <u>Count XIV</u> is for declaratory judgment that Todd's inchoate interest in its judgment against Marine Vessel for the breaches alleged in Count I is a superior interest in the charter hire payments from the United States to that of Manufacturers Hanover and the Bond Purchasers.

    E. <u>One Count against Irving Trust and the Equity Participants</u>

    1) <u>Count XV</u> is for declaratory judgment that Todd's inchoate interest in its judgment against Marine Vessel for the breaches alleged in Count I is a superior interest in the charter hire payments from the United States and in certain deferred capitalized cost accounts to that of Irving Trust and the Equity Participants.

25. The bases of subject matter jurisdiction alleged by Todd are as follows:

    A. <u>Counts I, XII, XIII, XVI, and XVII against Marine Vessel</u>

    1) 28 U.S.C. § 1331 (federal question).

    2) 28 U.S.C. § 1332 (diversity).

    3) 28 U.S.C. § 1352 (action on a bond executed under any law of the United States).

    B. <u>Counts II and III against MTL</u>

    1) 28 U.S.C. § 1331 (federal question).

    2) 28 U.S.C. § 1332 (diversity).

    C. <u>Count III against Citicorp</u>

    1) 28 U.S.C. § 1331 (federal question).

    2) 28 U.S.C. § 1332 (diversity).

    D. <u>Count XIV against Manufacturers Hanover and the Bond Purchasers</u>

    1) 28 U.S.C. § 1331 (federal question).

    2) 28 U.S.C. § 1352 (action on a bond executed under any law of the United States).

    E. <u>Count XV against Irving Trust and the Equity Participants</u>

    1) 28 U.S.C. § 1331 (federal question).

    2) 28 U.S.C. § 1332 (diversity) (alleged as to Equity Participants only).

## CONCLUSIONS OF LAW

1. There is no genuine issue as to any material fact to be tried herein concerning the counts alleged against the private defendants.

■ 2. As to Counts I, XII, XIII, XVI and XVII against Marine Vessel, summary judgment is granted in favor of Marine Vessel and against Todd on each of the following grounds:

A. Subject matter jurisdiction under 28 U.S.C. § 1331 is lacking because the claims alleged in these counts do not arise under the Constitution, laws or treaties of the United States. *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), *cert. denied,* 379 U.S. 974 [85 S.Ct. 664, 13 L.Ed.2d 565], *reh. denied,* 380 U.S. 927 [85 S.Ct. 884, 13 L.Ed.2d 814] (1965); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir. 1974).

B. Subject matter jurisdiction under 28 U.S.C. § 1332 is lacking because there is not complete diversity between plaintiff and the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806); *Owen Equipment & Erection Co. v. Kroger* [—— U.S. ——], 98 Sup.Ct. 2396 [57 L.Ed.2d 274] (1978).

C. Subject matter jurisdiction under 28 U.S.C. § 1352 is lacking because the First Preferred Fleet Mortgage Bonds issued by Marine Vessel are not "bonds" within the meaning of 28 U.S.C. § 1352 and Todd has no interest in or any connection with the bonds. This case, therefore, is not an action on a bond under 28 U.S.C. § 1352. *Buddy Systems, Inc. v. Exer-Genie, Inc.,* 545 F.2d 1164 (9th Cir. 1976), *cert. denied,* 431 U.S. 903 [97 S.Ct. 1694, 52 L.Ed.2d 387] (1977).

D. The claims contained in Counts I, XII, and XIII against Marine Vessel arise out of the Construction Contracts and must be arbitrated pursuant to the arbitration agreements contained in Article XXVIII of each of the Construction Contracts. *Aerojet-General Corp. v. American Arbitration Association,* 478 F.2d 248 (9th Cir. 1973). Under the principles of *res judicata* and full faith and credit, the orders of the New York State Supreme Court upholding that court's subject matter jurisdiction and the validity of the arbitration agreements and compelling Todd to arbitrate all of its disputes with Marine Vessel arising out of the Construction Contracts bar all of Todd's counts against Marine Vessel. *Durfee v. Duke,* 375 U.S. 106 [84 S.Ct. 242, 11 L.Ed.2d 186] (1963); *H. J. Heinz Co. v. Owens,* 189 F.2d 505 (9th Cir. 1951), *cert. denied,* 342 U.S. 905 [72 S.Ct. 294, 96 L.Ed. 677] (1952).

■ 3. As to Counts II and III against MTL, summary judgment is granted in favor of MTL and against Todd on each of the following grounds:

A. Subject matter jurisdiction under 28 U.S.C. § 1331 is lacking because the claims alleged in these counts do not arise under the Constitution, laws or treaties of the United States. *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), *cert. denied,* 379 U.S. 974 [85 S.Ct. 664, 13 L.Ed.2d 565], *reh. denied,* 380 U.S. 927 [85 S.Ct. 884, 13 L.Ed.2d 814] (1965); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir. 1974).

B. Subject matter jurisdiction under 28 U.S.C. § 1332 is lacking because there is not complete diversity between plaintiff and the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806); *Owen Equipment & Erection Co. v. Kroger* [—— U.S. ——], 98 Sup.Ct. 2396 [57 L.Ed.2d 274] (1978).

C. The claims contained in Counts II and III against Marine Transport Lines, Inc. are derivative of Todd's arbitrable claims alleged against Marine Vessel in Count I. The disposition of the claims alleged against MTL, therefore, must await the outcome of any arbitration between Todd and Marine Vessel.

4. As to Count III against Citicorp, summary judgment is granted in favor of Citicorp and against Todd on each of the following grounds:

A. Subject matter jurisdiction under 28 U.S.C. § 1331 is lacking because the claims alleged in these counts do not arise under the Constitution, laws or treaties of the United States. *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), *cert. denied,* 379 U.S. 974 [85 S.Ct. 664, 13 L.Ed.2d 565], *reh. denied,* 380 U.S. 927 [85 S.Ct. 884, 13 L.Ed.2d 814] (1965); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir. 1974).

B. Subject matter jurisdiction under 28 U.S.C. § 1332 is lacking because there is not complete diversity between plaintiff and the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806); *Owen Equipment & Erection Co. v. Kroger* [—— U.S. ——], 98 Sup.Ct. 2396 [57 L.Ed.2d 274] (1978).

C. The claims contained in Count III against Citicorp Leasing Corp. are derivative of Todd's arbitrable claims alleged against Marine Vessel in Count I. The disposition of the claims alleged against Citicorp, therefore, must await the outcome of any arbitration between Todd and Marine Vessel.

■ 5. As to Count XIV against Manufacturers Hanover and the Bond Purchasers, summary judgment is granted in favor of Manufacturers Hanover and the Bond Purchasers and against Todd on each of the following grounds:

A. Subject matter jurisdiction under 28 U.S.C. § 1331 is lacking because the claims alleged in these counts do not arise under the Constitution, laws or treaties of the United States. *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), *cert. denied,* 379 U.S. 974 [85 S.Ct. 664, 13 L.Ed.2d 565], *reh. denied,* 380 U.S. 927 [85 S.Ct. 884, 13 L.Ed.2d 814] (1965); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir. 1974).

B. Subject matter jurisdiction under 28 U.S.C. § 1332 is lacking because there is not complete diversity between plaintiff and the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806); *Owen Equipment & Erection Co. v. Kroger* [—— U.S. ——], 98 Sup.Ct. 2396 [57 L.Ed.2d 274] (1978).

C. Subject matter jurisdiction is lacking because the First Preferred Fleet Mortgage Bonds issued by Marine Vessel are not "bonds" within the meaning of 28 U.S.C. § 1352 and Todd has no interest in or any connection with the bonds. This case is not, therefore, an action on a bond under 28 U.S.C. § 1352. *Buddy Systems, Inc. v. Exer-Genie, Inc.,* 545 F.2d 1164 (9th Cir. 1976), *cert. denied,* 431 U.S. 903 [97 S.Ct. 1694, 52 L.Ed.2d 387] (1977).

D. The claims contained in Count XIV are derivative of Todd's arbitrable claims alleged against Marine Vessel in Count I. The claims alleged against Manufacturers Hanover and the Bond Purchasers, therefore, will not be ripe for declaratory judgment until the outcome of any arbitration between Todd and Marine Vessel.

E. The Certificates of No Liens or Rights in Rem and Release executed by Todd expressly released and waived all rights of Todd in the tankers and, therefore, preclude Todd from obtaining any liens against or rights in the tankers.

■ 6. As to Count XV against Irving Trust and the Equity Participants, summary judgment is granted in favor of Irving Trust and the Equity Participants and against Todd on each of the following grounds:

A. Subject matter jurisdiction under 28 U.S.C. § 1331 is lacking because the claims alleged in these counts do not arise under the Constitution, laws or treaties of the United States. *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), *cert. denied,* 379 U.S. 974 [85 S.Ct. 664, 13 L.Ed.2d 565], *reh. denied,* 380 U.S. 927 [85 S.Ct. 884, 13 L.Ed.2d 814] (1965); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir. 1974).

B. Subject matter jurisdiction under 28 U.S.C. § 1332 is lacking because there is not complete diversity between plaintiff and the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806); *Owen Equipment & Erection Co. v. Kroger* [—— U.S. ——], 98 Sup.Ct. 2396 [57 L.Ed.2d 274] (1978).

C. The claims contained in Count XV are derivative of the claims alleged against Marine Vessel in Count I. The claims alleged against Irving Trust Company and the Equity Participants, therefore, will not be ripe for declaratory judgment until the outcome of any arbitration between Todd and Marine Vessel.

D. The Certificates of No Liens or Rights in Rem and Release executed by Todd expressly released and waived all rights of Todd in the tankers and, therefore, preclude Todd from obtaining any liens against or rights in the tankers.

7. Defendants Manufacturers National Bank of Detroit, The Third National Bank and Trust Company of Dayton, Ohio, First Alabama Bank of Montgomery, N.A., The Ohio National Bank of Columbus, South Carolina National Bank, Virginia National Bank, First National Bank in Dallas, First National Bank in Minneapolis, and Continental Illinois National Bank and Trust Company of Chicago, each being a national bank with its principal office in a state other than California and having no branch in California, summary judgment is granted in favor of such defendants and against Todd under 12 U.S.C. § 94.

Let judgment be entered accordingly.

## ON MOTION TO DISQUALIFY COUNSEL

The renewed motion of plaintiff Todd Shipyards Corporation to disqualify Messrs. Cadwalader, Wickersham & Taft from further participation as trial counsel in this action came on for hearing on August 28, 1978, before the Honorable A. Andrew Hauk, United States District Judge. Herbert L. Fenster, Joe G. Hollingsworth, and Jed L. Babbin of Sellers, Conner & Cuneo, and Nowland C. Hong and Richard A. Clark of Parker, Milliken, Clark & O'Hara appeared as counsel for plaintiff. Oliver F. Green, Jr., of Paul, Hastings, Janofsky & Walker and Grant B. Hering of Cadwalader, Wickersham & Taft appeared as counsel for defendants Marine Vessel Leasing Corporation and Irving Trust Company. Also present were Marcy Tiffany of Sheppard, Mullin, Richter & Hampton, counsel for defendant American Road Equity Corporation, an equity participant; George J. Wade of Shearman & Sterling, and Dennis E. Kinnaird of Munger, Tolles & Rickershauser, counsel for defendants Citicorp Leasing, Inc., and the other equity participants; Norbert A. Schlei of Hughes, Hubbard & Reed, counsel for defendant Marine Transport Lines, Inc.; Mark S. Evens, of the Department of Justice, counsel for defendant Secretary of the Navy, and Dudley J. Clapp, Jr., General Counsel, Military Sealift Command, Department of the Navy. Oliver F. Green, Jr., of Paul, Hastings, Janofsky & Walker was also present as counsel for defendants Manufacturers Hanover Trust Company and the bond purchasers.

The Court having considered Todd's renewed motion dated May 9, 1978, to disqualify Messrs. Cadwalader, Wickersham & Taft from further participation as trial counsel in this action and Todd's memorandum in support of such renewed motion dated August 17, 1978, the memorandum of defendants Marine Vessel Leasing Corporation and Irving Trust Company dated August 22, 1978, in opposition to plaintiff's renewed motion to disqualify, and the affidavit of Jerome Shelby dated August 22, 1978, in connection with plaintiff's motion to disqualify, and all the other pleadings filed in this action, and the law applicable thereto, and the matter having been argued and submitted for decision, and the Court being fully informed,

IT IS HEREBY ORDERED that plaintiff's renewed motion to disqualify Messrs. Cadwalader, Wickersham & Taft from further participation as trial counsel is denied.

IT IS FURTHER ORDERED that no attorney from Messrs. Cadwalader, Wickersham & Taft shall be called as a witness in this action on behalf of any party to this action, including plaintiff, subject to further order of the Court modifying this Order based upon a full and adequate showing of necessity for such testimony and, in the event it is plaintiff who wishes to call such an attorney, a full and adequate showing by plaintiff that such testimony is or may be prejudicial to the clients of Messrs. Cadwalader, Wickersham & Taft, defendants Marine Vessel Leasing Corporation and Irving Trust Company.